Prithvi **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 03–72541, 05–70225.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Karen D. Utiger, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Prithvi Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an order of an immigration judge ("IJ") denying her motion to reopen to seek relief under the Convention Against Torture (03–72541) and the BIA's order denying her motion to reopen based on ineffective assistance of counsel (05–

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

70225). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *see de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), we dismiss in part and deny in part the petitions for review.

Substantial evidence supports the IJ's October 18, 2002 decision denying as untimely Singh's motion to reopen to apply for protection under the CAT because the motion was due on or before June 21, 1999, and Singh did not file her motion with the Immigration Court until August 12, 2002. *See* 8 C.F.R. § 208.18(b)(2). Further, we lack jurisdiction to review Singh's claim that the IJ should have exercised sua sponte authority to reopen the removal proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

To the extent Singh challenges the IJ's December 22, 1998 denial of her applications for asylum and withholding of removal, and the BIA's June 8, 1999 dismissal of her appeal as untimely, we lack jurisdiction because the instant petition for review is not timely as to those orders. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

Accordingly, we deny in part and dismiss in part the petition for review in No. 03–72541.

The BIA did not abuse its discretion when it denied as untimely Singh's motion to reopen due to ineffective assistance of counsel where she filed the motion to reopen more than one year after the BIA's final order of removal and she failed to show she was entitled to equitable tolling. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due dili-

gence in discovering" the misconduct). Further, we lack jurisdiction to review Singh's contention that the BIA should have exercised its sua sponte power to reopen her case. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir.2002).

Accordingly, we deny in part and dismiss in part the petition for review in No. 05–70225.

In No. 03–72541, PETITION FOR REVIEW DENIED in part; DISMISSED in part.

In No. 05–70225, PETITION FOR REVIEW DENIED in part; DISMISSED in part.